United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL JOHN GADDY,

    Plaintiff,

    v.

Warden A. SOLIS; Captain N. WALKER; Lieutenant E. B. SHERMAN; Sergeant A. WELLS; Correctional Officers R. GUERRA, T. TRAN, J. GUTIERREZ, T. WHITLEY, S. SHEFFER, E. TREJO, T. RINCON, H. GASCA, T. REAMER, M. BOLES and S. ASENJO,

    Defendants.

No. C 11-5568 PJH (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Plaintiff, an inmate at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that defendants Sherman, Wells, Guerra, Tran and Gutierrez were upset that plaintiff had complained about their failure to "run showers" for five days, and in consequence engaged in an unprovoked retaliatory attack on him in his cell, injuring him. This claim is sufficient to proceed.

Plaintiff also claims that defendant Walker was "grossly negligent" in allowing the above defendants, who he supervised, to engage in the attack. This is insufficient to state a claim. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994) (neither negligence

2

nor gross negligence sufficient for Eighth Amendment claim).  To state a claim he must provide facts sufficient to plausibly allege that Walker knew of the attack and was deliberately indifferent to it.  *See id.* at 837(deliberate indifference standard).  This claim will be dismissed with leave to amend.

In his third claim, plaintiff contends that defendants Reamer, Guerra, Tran, and Gutierrez retaliated against him on January 10, 2011, for filing a complaint about the earlier assault.  He asserts that they housed him in an undesirable cell and seized inmate declarations he had gathered for use in actions about the previous assault, thus retaliating against him for filing the complaint and interfering with his access to the courts  This claim is sufficient to proceed.

**C.    Counsel**

Plaintiff has moved for appointment of counsel.

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff appears able to present his claims adequately, and the issues are not complex.  The motion for appointment of counsel will be denied.

**CONCLUSION**

1. Plaintiff's motion for appointment of counsel (document number 3 on the docket) is **DENIED**.  His motion for production of documents (document number 4) also is **DENIED**, as no defendants have yet been served.

2. Plaintiff's claims against defendant Captain Walker are **DISMISSED** with leave to amend within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  April 10, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.11\GADDY5568.DWLTA.wpd

4